In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00416-CV**

_____


**IN RE STEPHEN MORRIS**

_____

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 14-05-05365-CV**

_____

**MEMORANDUM OPINION**

On October 4, 2017, the trial court ordered Stephen Morris, a non-party, to make a diligent search and produce all documents responsive to the subpoena duces tecum of the real party in interest, Total Rod Concepts, Inc. ("TRC"), at a location in the city where Morris resides. In two issues presented in a petition for a writ of mandamus, Morris contends the trial court lacked personal jurisdiction over him and abused its discretion by compelling production in compliance with a subpoena that violated the mileage limitations for a subpoena issued to a non-party. We stayed the trial court's order and TRC filed a response to Morris's mandamus petition.

TRC filed a notice of service of document subpoena. *See generally* Tex. R. Civ. P. 205.2. The subpoena summoned Morris to appear in Houston and produce documents. *See generally* Tex. R. Civ. P. 205.1(d). It was served on Morris in Goliad, Texas. *See generally* Tex. R. Civ. P. 176.5. No motion to quash was filed. After the time for compliance with the subpoena expired, TRC filed a motion to compel production. *See generally* Tex. R. Civ. P. 176.8(a). On October 4, 2017, the trial court conducted a hearing on the motion to compel. No record of the hearing has been filed in this original proceeding. *See* Tex. R. App. P. 52.7(a)(2). At the conclusion of the hearing, the trial court signed an order compelling production of documents in Goliad, the city where Morris resides and was served with the subpoena.

Morris argues that the trial court lacks personal jurisdiction over him because he is not a party to the lawsuit. He further contends the subpoena is void because it compelled him to travel 166 miles to produce documents in the City of Houston, which he argues exceeds the distance limitation on subpoenas. *See* Tex. R. Civ. P. 176.3(a) ("A person may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served"). TRC argues Morris's compliance with the subpoena was required under the rules that allow discovery from non-parties. *See generally*

2

Tex. R. Civ. P. 176.6(a), (c), 205.1. It further contends the plain language of Rule 176.3 permits requiring production in response to a subpoena anywhere in any county with a border located within 150 miles of Morris's residence in Goliad. At the hearing on TRC's motion to compel, at which Morris appeared, the trial court modified the location at which Morris was to produce the documents to allow production in the county of his residence.

A writ of mandamus is an extraordinary remedy that may be issued to correct a clear abuse of discretion when that abuse cannot be remedied by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). After reviewing the petition, the response, and the appendices, we conclude that Morris has not established that the trial court clearly abused its discretion by ordering him to produce documents in Goliad, Texas. Accordingly, we lift our stay order of October 31, 2017, and deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 13, 2017
Opinion Delivered December 7, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.

3